PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WESLEY TRIPLETT, ) | |
| ) | CASE NO. 4:25-CV-00494 |
| Plaintiff, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| MAHONING CNTY. COURTHOUSE, *et al.*, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

*Pro se* Plaintiff Wesley Triplett filed this civil rights action against Defendants Mahoning County Courthouse, Mahoning County Juvenile Court, Mahoning County Sheriff's Office, Mahoning County Prosecutor Office, and Mahoning County Child Support. ECF No. 4. Plaintiff also filed an application to proceed *in forma pauperis* (ECF No. 1), which the Court grants by separate order.

**I. Background**

Plaintiff's complaint outlines events that transpired from the day of Plaintiff's arrest in May 2017 to his conviction for domestic violence and child endangerment. Plaintiff states that he was stopped while traveling in his vehicle and transported to the Mahoning County Jail. ECF No. 4 at PageID #: 7. Thereafter, he was served with an indictment from Mahoning County Juvenile Court. ECF No. 4 at PageID #: 7. He was then transported to the Mahoning County Court of Common Pleas where he was charged and arraigned. ECF No. 4 at PageID #: 7.

(4:25CV494)

Plaintiff alleges that, after deliberation, the judge dismissed the jurors and delivered a bench verdict of guilty, and sentenced Plaintiff to 30 years imprisonment. ECF No. 4 at PageID #: 7. Plaintiff claims that he "didn't receive any indictments until August 22, 2017." ECF No. 4 at PageID #: 8. Plaintiff requests that his "record be cleared," and "[reimbursement] for all [his] pain and suffering." ECF No. 4 at PageID #: 8.

## II. Standard of Review

*Pro se* pleadings are liberally construed. Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 328 (1989); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. Twombly, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully

2

(4:25CV494)

harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III. Analysis

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Although specific facts are not required, in this case, Plaintiff's complaint alleges conclusory assertions rather than facts on which a court could find Defendants engaged in any wrongdoing. It is not the role of the Court to "search the record and construct arguments[;] [p]arties must do that for themselves." *Brenay v. Schartow*, 709 F. App'x 331, 337 (6th Cir. 2017). Additionally, a Complaint must give defendants fair notice of what the legal claims are and the factual grounds on which they rest. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).

Here, Plaintiff's Complaint, even liberally construed, fails to meet basic pleading standards. The Complaint fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The Complaint is simply an outline of events including details of his arrest, trial, conviction, and sentence. The Complaint fails to assert a cognizable claim within the jurisdiction of the Court, and the Court finds no cause of

(4:25CV494)

action readily identifiable in the Complaint. Additionally, Plaintiff fails to identify how each Defendant allegedly harmed him. Plaintiff's statement that he received no indictments until August 2017 is nothing more than "unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. Plaintiff ,therefore, fails to meet the minimum pleading requirements of Rule 8, and his complaint must be dismissed on this basis. *Id*.

Even if Plaintiff satisfied Rule 8 pleading requirements, to the extent he is asking the Court to vacate his conviction, he cannot obtain that relief in a civil rights action. When a prisoner challenges "the very fact or duration of his physical imprisonment, . . . his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

And to the extent Plaintiff is seeking damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by unlawful actions that would render a conviction or sentence invalid under 42 U.S.C. § 1983, he must first show that the conviction or sentence at issue has already been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994). In the absence of such a showing, any complaint for damages must be dismissed. *See Wright v. Kinneary*, 46 F. App'x. 250, 252 (6th Cir. 2002) (citing *Heck*, 512 U.S. at 486-87). Here, nothing in the Complaint suggests that Plaintiff's conviction or sentence has been called into question or invalidated in any of the ways articulated in *Heck*. Plaintiff therefore has no cognizable federal civil rights damage claim. *See Adams v. Morris*, 90 F. App'x. 856, 858 (6th Cir. 2004) ("Because [Plaintiff's]

(4:25CV494)

confinement has not been remedied by any of the procedures listed in *Heck*, the district court properly found that his claims are not cognizable under § 1983.").

## IV. Conclusion

For the reasons above, the Court dismisses the action pursuant to 28 U.S.C. §1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

   April 30, 2025                           */s/ Benita Y. Pearson*
Date                                          Benita Y. Pearson
                                                     United States District Judge